## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| BOBBY OTTO POWERS, | ) |
| | ) |
|     Petitioner, | ) |
| | ) |
| v. | )  Case No. CIV-07-661-R |
| | ) |
| WALTER DINWIDDIE, Warden, | ) |
| | ) |
|     Respondent. | ) |

## **O R D E R**

Before the Court are the Report and Recommendation of United States Magistrate Judge Doyle W. Argo entered July 31, 2008 [Doc. No. 19] and Petitioner's Objection to the Report and Recommendation filed September 16, 2008 [Doc. No. 22]. The Magistrate Judge recommended that relief be denied on the petition herein for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner objects to the Magistrate's conclusions on each of Petitioner's eight grounds for relief. Pursuant to 28 U.S.C. § 636(b)(1)(B), the Court reviews the Report and Recommendation *de novo* in light of Petitioner's objections.

With respect to his first ground for relief, that the Oklahoma Court of Criminal Appeals (OCCA) denied Petitioner equal protection when it failed to modify his sentence or remand for resentencing based upon *Anderson v. State*, 130 P.3d 273 (Okla. Crim. App. 2006), which was decided while Petitioner's case was pending on direct appeal, Petitioner merely states in his objection that he was denied equal protection because defendants in "other identical and similar cases were granted relief." Objection at p. 2. Conversely, he asserts that the Magistrate Judge was incorrect to state at page 13 of the Report and

Recommendation that Petitioner had failed to show that he is similarly situated to other defendants who received relief pursuant to *Anderson*. Finally, Petitioner distinguishes *Clemons v. Mississippi*, 494 U.S. 738, 110 S.Ct. 1441, 108 L.Ed.2d 725 (1990), on which the Magistrate relied in part, on the ground that there was no properly conducted resentencing of Petitioner, asserting that "the OCCA simply abused its discretion in refusing to resentence Petitioner while at the same time granting relief to other similarly situated Appellants whose cases were identical to his." Objection at p. 4.

     Neither before the Magistrate Judge nor in his Objection has Petitioner shown that he is similarly situated to those defendants who have received sentence modifications on the basis of *Anderson*. Moreover, an *Anderson* error does not require modification of a sentence or remand for resentencing. *See Brown v. State*, 177 P.3d 577, 581 (Okla. Crim. App. 2008) (citing *Carter v. State*, 147 P.3d 243, 244 (Okla. Crim. App. 2006)). Rather, the OCCA considers whether an *Anderson* error resulted in a miscarriage of justice or substantial violation of a constitutional or statutory right. *Id.* The OCCA implicitly determined that no miscarriage of justice or substantial violation of a constitutional or statutory right had occurred in Petitioner's case, notwithstanding the fact that the jury had not been informed that Petitioner would have to serve 85 percent of the sentences imposed before he was eligible for parole consideration, when it stated that "the sentences imposed [on Petitioner] were fair under the circumstances, despite Appellant's age and the statutory requirement that he serve 85% of those sentences." *Powers v. State*, Case No. F-2005-793, slip op. at 3 (Okla. Crim. App. Sept. 19, 2006) (attached to Response as Ex. 4). The Court cannot say that that

determination was contrary to or an unreasonable application of clearly established Supreme Court law nor that it was an unreasonable determination of the facts in light of the evidence presented in the state court proceeding because ground one raises an issue of alleged misapplication of state law, *see Jackson v. Hines*, 268 Fed.Appx. 773, 777 (10th Cir. 2007) (No. 07-5133), and, in any event, Petitioner has failed to make the threshold showing that he was treated differently than others who were similarly situated. *See Barney v. Pulsipher*, 143 F.3d 1299, 1312 (10th Cir. 1998); *Perkis v. Sirmons*, 201 Fed. Appx. 648, 650 n.1 (10th Cir. Oct. 24, 2006)(No. 06-6147), *cert. denied*, ___ U.S. ___, 127 S.Ct. 2135, 167 L.Ed.2d 869 (2007); *Body v. Watkins*, 51 Fed. Appx. 807, 810-11 (10th Cir. Oct. 16, 2002)(No. 01-1556).

Petitioner objects to the Report and Recommendation insofar as the Magistrate Judge concluded that no due process violation occurred as a result of the alleged errors relating to jury instructions asserted in grounds two through five of his petition and thus, that the OCCA's determination of these claims was not contrary to or an unreasonable application of clearly established Supreme Court precedent or an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. Petitioner asserts that even though the amended information was read to the jury, the facts distinguishing each count should have been included in the jury instructions that the jury could use during the deliberation process. He asserts that the absence of such factual information in the jury instructions prevented the jury from distinguishing between the counts such that they were compelled to either find Petitioner guilty on all counts or acquit him on all counts.

Having carefully reviewed the Report and Recommendation, the Amended Information, relevant portions of the trial transcript and the jury instructions, the Court agrees with the Magistrate Judge's analysis relating to Instructions Nos. 4, 5 and 6 and concurs in his conclusion that none of these instructions or the omissions and defects in them alleged by Petitioner were so fundamentally unfair or so infected the entire trial that the resulting conviction of Petitioner violates due process. *See, e.g., Cummings v. Sirmons*, 506 F.3d 1211, 1240 (10th Cir. 2007), *cert. denied*, ___ U.S., ___, 128 S.Ct. 2943, 76 U.S.L.W. 3654 (2008)("The question in . . . a collateral proceeding is whether the ailing instruction by itself so infected the entire trial that the resulting conviction violates due process.")(quoting *Henderson v. Kibbe*, 431 U.S. 145, 154, 97 S.Ct. 1730, 52 L.Ed.2d 203 (1977)). The Court further concludes that the alleged omissions and defects in these instructions considered collectively did not so infect the trial that the resulting conviction violates due process.

Addressing his sixth ground for relief in his Objection to the Report and Recommendation, Petitioner states that evidence presented at his preliminary hearing was insufficient to establish probable cause to believe that he had committed the crimes with which he was charged so that he never should have been bound over for trial and that as a matter of due process, the case against him or at least count 4 should have been dismissed. Petitioner acknowledges, however, that this issue presents only a question of state law.

A criminal defendant has no constitutional right to a preliminary hearing. *Gerstein v. Pugh*, 420 U.S. 103, 95 S.Ct. 854, 43 L.Ed.2d 54 (1975). Accordingly, Petitioner's claim that he should not have been bound over for trial, because probable cause had not been

established, raises only an issue of state law, as Petitioner concedes, and cannot form the basis for federal habeas corpus relief. *Estelle v. McGuire*, 502 U.S. 62, 67, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991)("[F]ederal habeas corpus review does not lie for errors of state law.")(internal quotation omitted). Moreover, the conviction of Petitioner following trial served to establish probable cause to believe that Petitioner committed the crimes with which he was charged, mooting any prior state law error. *See United States v. Mechanik*, 475 U.S. 66, 73, 106 S.Ct. 938, 89 L.Ed.2d 50 (1986); *United States v. Taylor*, 798 F.3d 1337, 1339 (10th Cir. 1986).

Petitioner objects to the Report and Recommendation as it relates to his seventh ground for relief but in doing so simply reiterates the arguments he previously made in support of this ground for relief. Petitioner states that it is "highly likely . . . that the jury convicted petitioner on one or more counts based on . . . [evidence of] prior bad acts . . . ." Objection at p. 12. The Court agrees with the Magistrate Judge that Petitioner has not shown that the admission into evidence of the videotape of the police interview of Petitioner in which Petitioner was questioned regarding prior arrests and other similar acts, both of which Petitioner denied, was so prejudicial that it fatally infected the trial and denied Petitioner due process. *E.g., Revilla v. Gibson*, 283 F.3d 1203, 1212 (10th Cir. 2002).

In his Objection to the Magistrate Judge's disposition of his eighth ground for relief, that his consecutive sentences are excessive, Petitioner asserts that "this is the 'extraordinary case' . . . [that] the 'gross disproportionality principle' is reserved for." Objection at p. 13. As the Magistrate Judge pointed out, however, a state sentence raises constitutional concerns

only when it is grossly disproportionate to the crime committed, *see* Report and Recommendation at p.24, citing *inter alia*, *Lockyer v. Andrade*, 538 U.S. 63, 72, 77, 123 S.Ct. 1166, 155 L.Ed.2d 144 (2003), and the imposition of consecutive sentences poses no constitutional issue for federal habeas review because "Eighth Amendment analysis focuses on the sentence imposed for each specific crime, not on the cumulative sentence for multiple crimes.'" *Id.* at 24-5, *quoting Hawkins v. Hargett*, 200 F.3d 1279, 1285 n. 5 (10th Cir. 1999). None of Petitioner's four sentences is grossly disproportionate to the offense for which it was imposed and each sentence falls within the statutory range for that offense. That the sentences were imposed consecutively does not present a federal constitutional issue.

In accordance with the foregoing, Petitioner's Objection to the Report and Recommendation of the Magistrate Judge [Doc. No. 22] is without merit. The Report and Recommendation of the Magistrate Judge [Doc. No. 19] is ADOPTED in its entirety and the petition of Bobby Otto Powers for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is DENIED.

IT IS SO ORDERED this 26th day of September, 2008.

_David L. Russell_
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE